IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SANDRA KAY GRAHAM                                                         PLAINTIFF

v.                                     CIVIL NO. 18-05183

ANDREW SAUL[1], Commissioner                                              DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Sandra Kay Graham, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her current applications on August 23, 2016, alleging an inability to work since May 24, 2016, due to arthritis, scoliosis, Crohn's disease, foot problems, recovering drug addiction, and COPD. (Tr. 16, 237). An administrative hearing was held on December 20, 2016, at which Plaintiff appeared with her non-attorney representative and testified. (Tr. 30-59).

By written decision dated March 13, 2018, the ALJ found that through the date last insured, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16-

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

19). Specifically, the ALJ found that Plaintiff had the following severe impairments: lumbar spondylitis, facet arthropathy of the lumbar spine, osteoarthritis, and Crohn's disease. (Tr. 19). However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found at 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), except Plaintiff required a controlled environment not exposed to dust, fumes, or odors in concentrated amounts. (Tr. 19-22). The ALJ found Plaintiff was capable of performing her past relevant work as a Cashier II, Desk Clerk, Arcade Attendant, or Salesperson. (Tr. 22).

On March 20, 2018, Plaintiff requested a review of the hearing decision by the Appeals Council. (Tr. 190). The Appeals Council denied Plaintiff's request for review. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the

Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises only one issue on appeal, whether the ALJ erred in failing to include limitations described by the only examining, treating medical opinion of record during the relevant time period without providing good, specific, and supported reasons for their exclusion. (Doc. 12, p. 1). The Commissioner argues that the ALJ's Step Four determination was supported by substantial evidence, and that the ALJ properly discounted Dr. Samuel's opinion to the degree it was based upon Plaintiff's subjective complaints. (Doc. 13, p. 6). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 24th day of September 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE